IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JONAS SMITH                                                                                       PLAINTIFF

V.                              CASE NO. 4:13CV658 BSM

THE ARKANSAS DEPARTMENT OF
HUMAN SERVICES, CHARLES SMITH, Individually, and In
His Official Capacity as Administrator
Of The Arkansas State Hospital
ORLANDIS MOORE officially and in his official
Capacity                                                                                          DEFENDANTS

**AMENDED COMPLAINT**

COMES NOW the Plaintiff, by and through counsel, Sutter & Gillham, PLLC, and for his Complaint, she states:

**PARTIES AND JURISIDICTION**

1.      Plaintiff is a resident and citizen of the State of Arkansas with a mental disability. Charles Smith was the duly acting and appointed Administrator for the Arkansas State Hospital, a Division of the Arkansas Department of Human Services.  Orlandis Moore is sued in his individual and official capacity.  This is an action brought for felony battery and deprivation of Plaintiff's rights granted to him by the United States Constitution, as permitted by 42. U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990.  Since this case involves a federal question, this Court has subject matter jurisdiction under 28 U.S.C. §1331, as well as personal jurisdiction over the parties.  Since the events giving rise to this action arose within this Court's district, venue is proper under 28 U.S.C. §1391(b).

**GENERAL ALLEGATIONS OF FACT**

2.      The Arkansas State Hospital has a policy, practice and custom of failing to train, screen, and discipline its employees, leading to deprivations of constitutional rights.  Jonas

- 1 -

Smith was committed to ASH in September of 2010. He is presently in jail, indigent, and in need of mental health services. But ASH refuses to provide him appropriate care.

3. In December of 2010, Orlando Moore had sexual relations with the Plaintiff at a time when Plaintiff was incapable of legal consent.

4. Orlando Moore was in a position of authority such that his actions constitute a felony within the meaning of Arkansas state law.

5. Defendants failed to have appropriate systems in place to minimize such illegal conduct. In fact, there were multiple instances of inappropriate sexual conduct during Smith's tenure as Administrator of ASH. Smith failed to train and supervise individuals and failed to properly screen individuals for employment. Upon information and belief, Moore had a history such that his conduct could have been reasonably foreseen. While Smith was administrator, there were repeated incidents of sexual abuse perpetuated on consumers within ASH by staff and other consumers. Smith received complaints about sexual assaults and knew about these incidents, but failed to investigate these claims, as well as to train and supervise ASH employees and therefore tacitly allowed these assaults to take place.

6. Moore sexually assaulted Plaintiff again in April of 2011.

7. Plaintiff complained.

8. Moore was then terminated, but he should never have been hired in the first place.

9. Moore's background was such that he never should have been trusted with Plaintiff's care.

10. Before Plaintiff was sexually assaulted, Defendants were warned about their hiring practices, but failed to take action.

## COUNT I

11. Plaintiff re-alleges the foregoing as is fully set out herein.

12. Plaintiff is a person with a disability, as that term is defined by Title II of the

Americans with Disabilities Act of 1990, and Section 504 of the Rehabilitation Act of 1973. The Arkansas State Hospital is a federal financial aid recipient.

13.     There has existed a culture of abuse at the Arkansas State Hospital for several years, as detailed in the report attached hereto as Exhibit "A".

14.     The Arkansas State Hospital and The Arkansas Department of Human Services are recipients of federal financial aid.

15.     The Defendants willfully, and intentionally failed to Plaintiff in an environment appropriate to his needs, as required by the ADA, the Rehabilitation Act, and 28 C.F.R. §35.130.

16.     As a direct and proximate cause of Defendants' violation of the ADA and the Rehabilitation Act, Plaintiff has incurred unnecessary pain and suffering.

## COUNT II

17.     Plaintiff re-alleges the foregoing as is fully set out herein.

18.     Plaintiff has a constitutionally protected property right in his body, as well as the right to the pursuit of happiness.  However, under the circumstances alleged herein, Plaintiff was denied these rights without due process, was subjected to cruel punishment, and Defendants were deliberately indifferent to an obvious and serious medical need.  This action is brought under substantive and due process theories.

19.     In addition to the above, all Defendants are sued in their individual and official capacities for their failure(s) to train, for their ratification of co-Defendants' actions, for the deliberate policy decision to hire inappropriate staff, and for denying Plaintiff equal protection under the law.

20.     As a direct and proximate cause of the acts and omissions of Defendants as alleged herein, Plaintiff has suffered unnecessarily, incurred medical expenses that otherwise would not have been incurred, suffered severe mental and emotional distress.

21.     All of Defendants' actions were taken under color of Arkansas State Law and

were deliberately indifferent.

22. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages against them in their individual capacities.

## COUNT III

31. Plaintiff re-alleges the foregoing as is fully set out herein against Mr. Moore in his individual capacity only.

32. Moore committed a felony battery upon the Plaintiff in violation of ACA 16-118-107.

33. As a direct and proximate cause of the acts and omissions of Moore as alleged herein, Plaintiff has suffered unnecessarily, incurred medical expenses that otherwise would not have been incurred, suffered severe mental and emotional distress.

21. All of Defendants' actions were taken under color of Arkansas State Law and were deliberately indifferent.

22. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages against them in their individual capacities.

## DAMAGES

23. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff sues for compensatory and punitive damages, for an injunction to require the Defendants to provide mentally ill or disabled patients with care in the least restrictive environment appropriate to their needs, for declaratory judgment that the Defendants violated the ADA and the Rehabilitation Act, and for all other proper relief.

WHEREFORE Plaintiff prays for compensatory and punitive damages, for an injunction to require the Defendants to provide mentally ill or disabled patients with care in the least restrictive environment appropriate to their needs, for declaratory judgment that the Defendants

violated the ADA and the Rehabilitation Act, a jury trial, and for all other proper relief.

>Respectfully submitted,
>
>SUTTER & GILLHAM, PLLC
>Attorneys at Law
>P. O. Box 2012
>Benton, Arkansas 72018
>501/315-1910
>
>*/s/ Luther Oneal Sutter*
>Luther Oneal Sutter, Ark. Bar No. 95031
>*luthersutter@yahoo.com*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to counsel for the Defendant:

Gary Sullivan

>*/s/Luther Oneal Sutter*
>Luther Oneal Sutter