**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JONAS SMITH**                                                                      **PLAINTIFF**

**v.**                              **CASE NO. 4:13CV00658 BSM**

**ARKANSAS DEPARTMENT OF
HUMAN SERVICES, CHARLES SMITH,
Individually and in His Official Capacity as
Administrator of the Arkansas State Hospital,
ORLANDIS MOORE, Individually and
in His Official Capacity**                                          **DEFENDANTS**

<u>**ORDER**</u>

Defendants' motion to dismiss plaintiff Jonas Smith's amended complaint [Doc. No. 11] is granted.  The motion to dismiss Smith's original complaint [Doc. No. 3] is denied as moot.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief can be granted.  To meet the 12(b)(6) standard, a complaint must sufficiently allege facts that will entitle the plaintiff to the relief sought.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient.  *Id.*

Smith's Fourteenth Amendment substantive due process and equal protection claims under 42 U.S.C. section 1983 are dismissed.  First, Smith's request to voluntarily dismiss his section 1983 individual capacity claims under Federal Rules of Civil Procedure 41 is granted.  Although he concedes his official capacity claims for monetary relief, he argues that he is

entitled to declaratory and injunctive relief.  The problem with this argument is that he admits that he is currently incarcerated and makes no allegations that he is being held at the Arkansas State Hospital.  As a result,  injunctive relief against defendant Arkansas Department of Human Services ("DHS") is not appropriate.  Accordingly, Smith's section 1983 claims are dismissed.

Defendants' motion to dismiss Smith's claims under the Americans with Disabilities Act ("ADA") and Section 504 of the  Rehabilitation Act is also granted.  First, because Smith concedes that neither Section 504 nor the ADA provides for individual liability, his individual capacity claims are dismissed.  Further, although the parties dispute whether DHS is entitled to immunity from suit, it is unnecessary to decide that here because Smith has failed to state a claim under either the ADA or Section 504.  To establish a violation of Title II of the ADA, Smith must show that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied a benefit of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and (3) he was excluded because of his disability.  *See Baribeau v. City of Minneapolis*, 596 F.3d 465, 475 (8th Cir. 2010).  Similarly, to set forth a Section 504 claim, Smith must show that he is a qualified individual with a disability who was denied, on the basis of his disability, the benefits of a program or activity of a public entity receiving federal funds.  *Folkerts v. City of Waverly, Iowa*, 707 F.3d 975, 983 (8th Cir. 2013).

In his amended complaint, Smith makes only conclusory allegations that he is a person with a disability and that defendants "willfully, and intentionally failed to [sic] Plaintiff in

an environment appropriate to his needs." Smith makes no allegation, however, that he was excluded from any program or denied a benefit, or that such a denial was on the basis of his disability. Accordingly, Smith has failed to state claims for relief under the ADA and Section 504, and the motion to dismiss is granted.

Defendants' motion to dismiss Smith's felony battery claim against DHS and Charles Smith is also granted because Smith's amended complaint states that the charge is against defendant Moore in his individual capacity, and he has not alleged any facts in his complaint to support a claim of battery against defendants Smith and DHS.

For these reasons, defendants' motion to dismiss [Doc. No. 11] is granted.

IT IS SO ORDERED this 18th day of June 2014.

Brian S. Miller

UNITED STATES DISTRICT JUDGE